UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUEST SYSTEMS, LLC,

    Plaintiff,

v.                                  Case No. 8:21-cv-623-VMC-CPT

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Quest Systems, LLC, initiated this action in state court on October 10, 2020. (Doc. # 1-1). Defendant Deutsche Bank National Trust Company contends that it was

1

never properly served in the state suit, and only discovered the case in an online record search. (Doc. # 1 at ¶ 8). On March 17, 2021, Deutsche bank removed the case to this Court on the basis of diversity jurisdiction. (Id. at ¶ 16).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that the parties be "citizens of different States." A corporation's citizenship is determined by its state of incorporation and its principal place of business. Id. at § 1332(c)(1). "[A] limited liability company [('LLC')] is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

"When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties[.]" CSDVRS, LLC v. Purple Commc'ns, Inc., 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013). "[A]ll doubts about the propriety of removal should be resolved in favor of remand." King v. Gov't Emps. Ins. Co., 579 F. App'x 796, 800 (11th Cir. 2014). The removing party "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

2

Here, Deutsche Bank's notice of removal notes that it is a "national banking association organized under the laws of the United States, and has its principal place of business in Santa Ana, California." (Doc. # 1 at ¶ 4). As to Quest Systems, the notice provides only that it "is a New Mexico limited liability company." (Id. at ¶ 16). Because the Court was unable to determine whether it had subject matter jurisdiction without knowing the citizenship of all of Quest Systems' members, the Court directed Deutsche Bank to provide such additional information. (Doc. # 6).

Deutsche Bank has now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 14). However, Deutsche Bank still fails to demonstrate that the parties in this case are citizens of different states. In its response, Deutsche Bank explains "[d]espite [its] best efforts, the members of [Quest Systems] are not ascertainable." (Id. at ¶ 3). However, Deutsche Bank contends, "upon information and belief, [that] there is no member or sub-member of [Quest Systems] that is a citizen of California." (Id. at ¶ 13). This is insufficient. Given that Deutsche Bank has no information as to the citizenship of Quest Systems' members either now or at the time of removal, it had no basis to remove the case to this Court. See CSDVRS,

3

979 F. Supp. 2d at 1306 ("Purple has failed to meet its burden of demonstrating that removal is proper. . . . Purple did not sufficiently list the citizenship of all the members of CSDVRS in its Amended Notice of Removal."); see also Foster v. Legacy Keys, LLC, No. 1:17-cv-1690-WSD, 2017 WL 2963032, at *2 (N.D. Ga. July 12, 2017) (remanding a case because the citizenship of an LLC's members were not sufficiently alleged).

Therefore, the Court, finding that it lacks subject matter jurisdiction, remands this case to state court. See CSDVRS, 979 F. Supp. 2d at 1306 ("There is doubt as to whether there is complete diversity among the Plaintiff and Defendants. Since the Court must resolve all doubts in favor of remand[,] the case is remanded to state court.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of May, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE